**Mubera DUKA, Petitioner,**

v.

**Eric H. HOLDER Jr., U.S. Attorney General, Janet Napolitano, As Secretary of the Department of Homeland Security,\* Respondents.**

**No. 08–5132–ag.**

United States Court of Appeals,
Second Circuit.

Sept. 16, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. and Department of Homeland Security Secretary Janet Napolitano are automatically substituted for former Attorney General Michael B. Mukasey and former Secretary Michael Chertoff, respectively, as respondents in this case.

Valentine A. Brown, WolfBlock, LLP, Cherry Hill, N.J., (Benjamin Goldstein, WolfBlock, LLP, Philadelphia, PA, on the brief), for Petitioner.

Monica G. Antoun, Trial Attorney (Michael F. Hertz, Acting Assistant Attorney General, and Barry J. Pettinato, Assistant Director, on the brief), Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondents.

Present: ROBERT A. KATZMANN, PETER W. HALL, Circuit Judges, EDWARD R. KORMAN,** District Judge.

## SUMMARY ORDER

Petitioner Mubera Duka petitions for review of a decision of the Board of Immigration Appeals ("BIA") dated September 24, 2008, vacating the grant of asylum by Immigration Judge ("IJ") Brigitte Laforest and ordering Duka removed from the United States. *In re Mubera Duka*, No. A95 148 756 (B.I.A. Sept. 24, 2008), *rev'g* No. A95 148 756 (Immig. Ct. N.Y. City Nov. 19, 2002). We assume the parties'

familiarity with the underlying facts and procedural history of the case.

When the BIA vacates the decision of the IJ, we review only the decision of the BIA. *See Alibasic v. Mukasey*, 547 F.3d 78, 84 (2d Cir.2008). We review the BIA's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B). We review questions of law, and the application of law to undisputed fact, *de novo*. *See Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir.2008). The BIA reviews *de novo* questions of law decided by the IJ. 8 C.F.R. § 1003.1(d)(3)(ii); *see also In re A–S–B–*, 24 I. & N. Dec. 493, 496–97 (B.I.A.2008). Whether the facts found by the IJ are sufficient to establish that a petitioner has a well-founded fear of persecution upon return to her native country is a legal determination. *In re A–S–B–*, 24 I. & N. Dec. at 497.

Duka is an ethnic Albanian citizen of the Republic of Macedonia. In order to establish a well-founded fear of persecution a petitioner must demonstrate either (1) a reasonable possibility of persecution against herself as an individual or (2) a pattern or practice of persecution against persons in a group to which she belongs. *See* 8 C.F.R. § 208.13(b)(2); *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 150 n. 6 (2d Cir.2008). In vacating the order of the IJ granting Duka asylum, the BIA determined that she had not demonstrated a "pattern or practice" of persecution against ethnic Albanians in Macedonia. It is not clear from the record, however, that the IJ undertook a "pattern or practice" analysis in assessing Duka's asylum claim. *See Mufied v. Mukasey*, 508 F.3d 88, 91 (2d Cir.2007) ("We decline the government's invitation to assume that the IJ made findings on the existence of a pattern or practice *sub silentio* merely because she

---

** The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

considered evidence relevant to that question for another purpose."). As Duka was therefore not made aware of the importance of directing the BIA's attention to specific facts establishing a pattern or practice of persecution against ethnic Albanians in Macedonia, she should be given the opportunity to fully brief this issue before the BIA.

For the foregoing reasons, the petition for review is **GRANTED,** the order of the BIA is **VACATED,** and the case is **REMANDED** to the BIA for further proceedings consistent with this opinion.